UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60361-Civ-Cohn/Snow

HAL N. MAYER,

    Plaintiff,

vs.

CAPITAL ONE SERVICES, INC.; CREDIT
MANAGEMENT, LP; NCO FINANCIAL SYSTEMS, INC.;
VERIZON WIRELESS SOUTH AREA LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, L.L.C.;
and TRANSUNION, L.L.C..,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT CREDIT MANAGEMENT'S MOTION TO DISMISS
## ORDER GRANTING LEAVE TO AMEND COMPLAINT

THIS CAUSE is before the Court upon Defendant Credit Management LP's Motion to Dismiss the Complaint [DE 10]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. The motion became ripe on June 11, 2007.

Plaintiff Hal N. Mayer ("Plaintiff") filed this action against Defendant Credit Management, and several other defendants, for alleged violations of the Fair Credit Reporting Act ("FCRA"). In particular, Count I of the Complaint alleged various violations of 15 U.S.C. §1681 by the three national consumer reporting agencies, Experian, Trans Union and Equifax. Complaint, §§ 23-28 [DE 1]. Count II of the Complaint alleges violations of 15 U.S.C. §1681s-2(b) by Defendants Capital One, Verizon Wireless, and Credit Management for various violations relating to their furnishing of information to the consumer reporting agencies. Id., §§ 29-35. The Complaint does not identify any separate action of these three "furnisher" Defendants, nor does it identify the particular information which they purportedly neglected to

investigate, review, or correct.

Defendant Credit Management moved to dismiss the Complaint as a "shotgun" pleading that fails to comport with Rule 10 of the Federal Rules of Civil Procedure. Defendant asserts correctly that Count II of the Complaint expressly incorporates the entire preceeding 28 paragraphs of the Complaint, even though some of those paragraphs are part of Count I, in which Credit Management is not named as a Defendant. Plaintiff defends its pleading on the basis that other Defendants have answered without complaint and that Rule 10 allows incorporation of prior paragraphs.

In <u>Anderson v. District Board of Trustees of Central Florida Community College</u>, 77 F.3d 364, 366-67 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

<u>See also</u> <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997) <u>and</u> <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995). This court shares that experience where one set of "general allegations" are incorporated by reference wholesale into every count of the complaint, and where all prior paragraphs are incorporated into a later count of the complaint. Such "shotgun" pleading imperils fundamental principles of due process.

In this case, the Court takes note that Plaintiff's theory of liability under 15 U.S.C. § 1681s-2(b) in Count II against the furnishers of credit information may in turn need to include factual allegations regarding the actions of the credit reporting agencies. However, it is clear in this case that nothing is plead to put Credit Management on notice of how it violated the FCRA with regard to any particular piece

of credit information.[1]

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant Credit Management LP's Motion to Dismiss the Complaint [DE 10] is hereby **GRANTED;**

2. Plaintiff has leave to file an Amended Complaint by July 10, 2007. Failure by Plaintiff to file an Amended Complaint by that time will result in dismissal of Defendant Credit Management only;

3. Defendants Experian, Trans Union, and Equifax have the option of refiling Answers to the Amended Complaint after it is filed, or filing a Notice that their prior Answer should now apply to the Amended Complaint.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 26th day of June, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies Furnished to:

Counsel of record on CM/ECF

---

[1] Paragraphs 10-11 of the Complaint discuss credit disputes with Verizon, but it is not clear that this is the information complained about in Count II.

3